ATLANTIC CITY FIRE INSURANCE COMPANY

*v.*

BOARD OF COMMISSIONERS OF ATLANTIC CITY.

[Submitted May 13th, 1918.   Determined May 14th, 1918.]

Where a building ordinance in a city provided that when a building within the fire limits shall be damaged to an amount not greater than half its value, exclusive of the value of its foundations, it may be repaired or rebuilt; but if damaged more than one-half of that value it shall not be repaired or rebuilt, but shall be taken down, and the owner of the building and the municipality have appealed to the courts of law to settle the question of the extent of the damage, the building being without a roof and parts of it exposed to injury from the elements, this court will restrain the municipality from exercising force to prevent the owner from making such temporary repairs as will preserve the property from injury from the elements.

On bill for injunction.   On hearing on return of order to show cause.

*Mr. Theodore W. Schimpf,* for the complainant.

*Mr. Harry F. Wootton* and *Mr. Joseph B. Perskie,* for the defendant.

LEAMING, V. C.

Section 11 of the building ordinance of Atlantic City provides:

"It shall be unlawful to proceed with the erection, enlargement, alteration, moving, repair or removal of any building or part thereof  *  *  *  unless a permit shall first be obtained from the office of the building inspector."

Complainant's building has been partially destroyed by fire. Complainant seeks to make repairs to the building and the city building inspector, under the advice of the city solicitor, refuses to issue a permit; the police authorities of the city refuse to permit repairs to be made until a permit for that purpose shall have been issued.

Complainant has made application to the supreme court for a peremptory writ of *mandamus* to compel the issuance of a building permit for the purpose stated; that application is now pending and undetermined.

The bill filed herein by the owner of the building seeks temporary relief pending the determination of the application for a writ of *mandamus.*

The real controversy between the parties arises from another section of the building ordinance (section 115), which section provides that when a building within the fire limits shall be damaged to an amount not greater than one-half its value, exclusive of the value of its foundations, it may be repaired or rebuilt; but if damaged more than one-half that value it shall not be repaired or rebuilt, but shall be taken down.

4

The owner of the building desires to repair it and claims that the building has been damaged less than one-half its value; the municipality claims that the damage exceeds one-half the value of the building and desires the building to be taken down.

. With that branch of the controversy this court has no concern. .The legal remedy is wholly adequate. *New York and Greenwood Lake Railway Co.* v. *Township of Montclair, 47 N. J. Eq. 591; Barber* v. *W. J. Title Co., 53 N. J. Eq. 159; West Jersey and Seashore Railroad Co.* v. *Mayor, &c., of Woodbury, 80 N. J. Eq. 412.*

But, pending the determination by the supreme court whether complainant is entitled to restore its damaged building to its former condition by making the necessary repairs for that purpose, a situation exists in which this court may afford appropriate temporary relief to prevent irreparable injury to complainant.

The building is without a roof, and the first-floor rooms, some of which are occupied, are exposed to injury from the elements. This destruction of complainant's property rights, pending the action of the supreme court, is wholly unnecessary, in so far as it can be prevented by temporary repairs made for that purpose only. No benefits can flow to the municipality by the uninjured or partially injured portions of the building remaining exposed to further damage from the elements, and great loss will be thus suffered by complainant. In these circumstances, I think it is the right of complainant to temporarily protect his property from such unnecessary loss.

Temporary repairs made solely for the purpose stated, and not in any sense for the purpose of restoring the building to its former condition, cannot be properly regarded as repairs if wholly limited to the single purpose of temporarily excluding the elements pending the *mandamus* proceedings; and any denial of that privilege to complainant can only be regarded as an unlawful invasion of its property rights and a source of irreparable and unnecessary injury.

Accordingly I will advise an order restraining defendants

from exercising force to deny to complainant the right to protect its property in the manner and for the period stated.

The order to be signed will be settled on notice or by agreement of the solicitors, to the end that it may specifically and clearly limit such acts as are to be performed by complainant to acts necessary to accomplish the temporary purpose already stated as distinguished from repairs that may be regarded as of a permanent nature to restore the building to its former condition.